NO. 07-06-0289-CV


IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS


AT AMARILLO


PANEL D 


JULY 25, 2006


______________________________


WAYNE POPE AND LAURA POPE, APPELLANTS


v.


THE CITY OF TEMPLE, APPELLEE

_________________________________


FROM THE 146th DISTRICT COURT OF BELL COUNTY;


NO. 203,426-B; HON. RICK MORRIS, PRESIDING

_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.


MEMORANDUM OPINION


 Appellants Wayne Pope and Laura Pope filed their notice of appeal challenging the
trial court's judgment in favor of appellees John Kiella Homes, John Kiella, individually,
KAM Home Builders, KAM Family, Ltd., Kiella Management, L.C., and the City of Temple. 
Pending before this court is a Joint Motion to Dismiss Portion of Appeal filed by appellants
and appellee the City of Temple in which they request us to "dismiss the portion of the
appeal which appeals the judgment in favor of the City of Temple. The parties desire that
the judgment in favor of the City of Temple become a final judgment." The moving parties
represent this request does not affect the appeal against the other appellees. TEX. R. APP.
P. 42.1(b). The certificate of conference attached to the motion indicates counsel for
appellee the City of Temple conferred with counsel for the remaining appellees who did not
object to the City of Temple being dismissed from the appeal. Pursuant to appellants and
appellee the City of Temple's request, by order of severance in cause number 07-06-0146-CV, that portion of the appeal between appellants and the City of Temple was severed into
this cause to consider the motion to dismiss.

 Without passing on the merits of the appeal between appellants and the City of
Temple, we grant the motion and dismiss the appeal. TEX. R. APP. P. 42.1(a). That portion
of the appeal between appellants and appellees John Kiella Homes, John Kiella,
individually, KAM Home Builders, KAM Family, Ltd., and Kiella Management, L.C. remains
pending in cause number 07-06-0146-CV and will proceed in due course. Having
dismissed the appeal between appellants and the City of Temple at their request, no motion
for rehearing will be entertained and our mandate will issue forthwith. Appellants and the
City of Temple have agreed to bear their own costs in this appeal. It is so ordered.

 Per Curiam



ent a letter to appellant
notifying him that the brief was overdue and that it or a response was due on April 13,
2009. On April 13, 2009, appellant filed a motion for extension of time to file the brief. It
was granted, and the deadline was extended to May 11, 2009. On May 12, 2009, this
Court received appellant’s motion to withdraw as counsel, stating that “no non-frivolous
grounds for appeal” were found. The Court denied counsel’s motion to withdraw on May
20, 2009, stating “the motion to withdraw cannot be granted until counsel satisfies his
educational burdens, [and] files an Anders brief . . . The brief is due no later than Monday,
June 1, 2009.” To date, no brief has been filed.
          Consequently, we abate the appeal and remand the cause to the 69th District Court
(trial court) for further proceedings. Upon remand, the trial court shall immediately cause
notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following:
          1.       whether appellant is indigent; 
 
          2.       whether appellant desires to prosecute the appeal;
 
3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel’s failure to timely file an appellate
brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35,
83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is
entitled to the effective assistance of counsel on the first appeal as of
right and that counsel must be available to assist in preparing and
submitting an appellate brief).

          We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeal, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court’s findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk’s record containing the findings of fact and conclusions
of law and 2) a reporter’s record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk’s
record to be filed with the clerk of this court on or before July 9, 2009. Should additional
time be needed to perform these tasks, the trial court may request same on or before July
9, 2009.
          It is so ordered.
 
                                                                           Per Curiam
Do not publish.